IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| RANDEE PARSONS AND PEGGY PARSONS,<br><br>Plaintiffs,<br><br>vs.<br><br>SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC., A KANSAS CORPORATION BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, A MISSOURI CORPORATION; AND BLUE CROSS BLUE SHIELD OF SOUTH CAROLINA FOUNDATION, A SOUTH CAROLINA CORPORATION,<br><br>Defendants. | Cause No. CV 10-47-BLG-RFC<br><br><br><br><br><br><br><br>ORDER |

On May 31, 2011, this Court granted judgment as a matter of law for

Defendants, concluding that their Medical Plan did not cover autologous bone

1

marrow transplants ("ABMT") to treat Plaintiff Randee Parsons's Crohn's disease, because ABMT is an experimental and investigational treatment for Crohn's disease and the Medical Plan does not cover such treatments. *Doc. 71.* Plaintiffs now move the Court for leave to file a motion for reconsideration, contending the Court erred in reviewing Defendants' denial of coverage for abuse of discretion and that the review should have been *de novo*. *Doc. 73*.

Plaintiffs assert they did not foresee that the Court would apply anything but a *de novo* review and therefore did not argue for *de novo* review in briefing the summary judgment motions. According to Plaintiffs, discretionary clauses such as the one contained in Defendant's Medical Plan, which ordinarily give rise to an abuse of discretion review by a reviewing court, are invalid under Montana law, citing *Standard Ins. Co. v. Morrison,* 584 F.3d 837 (9th Cir. 2009). But *Standard Ins. Co.* held that the Montana insurance commissioner's practice of disapproving insurance policies with clauses vesting discretion in insurers did not violate ERISA–it did not hold that Montana courts must apply a *de novo* review when considering denials of coverage under an employer's self-insured Medical Plan that vests a third party with discretion to administer the Plan. Plaintiffs provide no other authority for a *de novo* review.

But even if this Court should have reviewed the denial of coverage *de novo*, the result would be the same because the Medical Plan plainly excludes coverage for medical services, supplies, or drugs that are experimental or investigational. Most importantly, the consent form that Randee Parsons signed in order to participate in Dr. Burt's ABMT clinical trial specifically stated that the procedure was experimental, for research, and "is risky, of no proven benefit, and may not work." From this undisputed fact alone, the Court must conclude the ABMT clinical trial was "experimental and investigational." Accordingly, there is no coverage for Dr. Burt's ABMT clinical trial even under a *de novo* standard of review.

For those reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Motion for Reconsideration (*Doc. 73*) is **DENIED.**

The Clerk of Court shall notify the Parties of the entry of this Order.

DATED this 25th day of July, 2011.

                     /s/ Richard F. Cebull
                     RICHARD F. CEBULL
                     United States District Judge